**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BEST SOLUTION EXPRESS INC.,<br><br>Plaintiff,<br>v.<br><br>KINSALE CAPITAL GROUP, INC., d./b./a.<br>KINSALE INSURANCE COMPANY and<br>COALITION INSURANCE SOLUTIONS, INC.,<br><br>Defendants. | No. |

**COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201**

NOW COMES Plaintiff, BEST SOLUTION EXPRESS INC. ("Best Solution"), by and through its attorney, Adam C. Konopka of The Chartwell Law Offices, LLP, and in support of its Complaint for Declaratory Judgment Pursuant to 28 U.S.C. §2201, states as follows:

**I.    NATURE OF THE ACTION**

1. This is an action for declaratory judgment brought pursuant to 28 U.S.C. §2201 raising important questions concerning the rights and obligations arising under contracts of insurance between Best Solution and Defendants Kinsale Capital Group, Inc., d./b./a. Kinsale Insurance Company ("Kinsale Insurance Company") and Coalition Insurance Solutions, Inc. There exists an actual controversy of a justiciable nature requiring determination by a judgment of this Court in order to remove uncertainty as to the rights and obligations under the insurance policy with respect to the claims asserted against Best Solution in the Underlying Action as described herein.

2. Through its Complaint, Best Solution seeks a declaration that Defendants Kinsale Insurance Company and/or Coalition Insurance Solutions, Inc. is obligated to defend and indemnify Best Solution in a lawsuit filed against in on January 18, 2024 that is pending in the

Circuit Court of Cook County, Illinois, Docket No. 2024 L 000711 pursuant to the terms of (1) a comprehensive general liability insurance policy issued by Defendant Kinsale Insurance Company under which Best Solution is an insured; (2) a cyber policy issued by Defendant Coalition Insurance Solutions, Inc. under which Best Solution is an insured.

3. Best Solution also seeks to recover damages it has incurred as a result of Defendants Kinsale Insurance Company and Coalition Insurance Solutions, Inc.'s failure to meet their obligation to defend Best Solution in the Underlying Action.

## II. PARTIES

4. Best Solution is an Illinois corporation with its principal place of business located at 7115 North Avenue, Unit 365, Oak Park, Illinois 60603.

5. Upon present information and belief, Defendant Kinsale Capital Group, Inc., d./b./a. Kinsale Insurance Company ("Kinsale") is a Virginia corporation that regularly conducts business in the state of Illinois, with its principal place of business located at 2221 Edward Holland Drive, Suite 600, Richmond, Virginia 23230.

6. Upon present information and belief, Defendant Coalition Insurance Solutions, Inc. ("Coalition") is a California corporation that regularly conducts business in the state of Illinois, with its principal place of business located at 1160 Battery Street, Suite 350, San Francisco, CA 94111.

## III. JURISDICTION AND VENUE

7. Jurisdiction is founded upon diversity of citizenship under 28 U.S.C. §1332 ads the parties are citizens of different states, and as the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

8. Jurisdiction is also founded upon the provisions of 28 U.S.C. §2201 for the entry of a Declaratory Judgment.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because the claims that are the subject of this litigation arise from insurance contracts that were issued to Best Solution in this judicial district by Defendants Kinsale Insurance Company and Coalition Insurance Solutions, Inc. and because the claims at issue arise from damages caused in this judicial district resulting from Defendants Kinsale Insurance Company and Coalition Insurance Solutions, Inc.'s declinations of coverage for Best Solution's claims for insurance coverage in the Underlying Action.

10. Venue in this district is proper pursuant to 28 U.S.C. §1391(d).

## IV. FACTS COMMON TO ALL COUNTS

### The Underlying Action

11. This matter arises out of a lawsuit filed on January 18, 2024 in the Circuit Court of Cook County, Illinois, Docket No. 2024 L 000711, McHenry Parker ("Underlying Plaintiff") against Best Solution Express Inc. (hereinafter the "Underlying Lawsuit").

12. The Underlying Lawsuit arises out of Best Solution alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

13. Count I of the Underlying Lawsuit asserts a claim for violations of BIPA for Best Solution's alleged failure to institute, maintain, and adhere to a publicly available retention schedule for biometric information and biometric identifiers. Count I seeks monetary damages.

14. Count II of the Underlying Lawsuit asserts a claim for violations of BIPA for Best Solution's alleged failure to obtain informed written consent and release before obtaining

biometric identifiers or information from Underlying Plaintiff. Count II also seeks monetary damages.

15. The Underlying Lawsuit seeks liquidated damages to compensate Underlying Plaintiff for Best Solution's alleged wrongful "collection, use, retention and disclosure of the personal biometric identifiers and biometric information" of Underlying Plaintiff.

16. The Underlying Lawsuit alleges that from December 2020 until April 2022, Underlying Plaintiff worked for Best Solution as a commercial truck driver.

17. Per the Underlying Lawsuit, "[d]uring part of this time period, [Underlying Plaintiff] was an employee, and during another part, he was an independent contractor."

18. The Underlying Lawsuit suit alleges that, while working for Best Solution, Underlying Plaintiff was required to use a biometric time clock system that required him to "scan his fingerprints or hand geometry" to log in and out of the time clock system.

19. This system was allegedly utilized to record Underlying Plaintiff's attendance at work.

20. The Underlying Lawsuit alleges that Underlying Plaintiff 's fingerprints or hand geometry were scanned "no less than 500 times over the course of his working for Defendant."

21. The Underlying Lawsuit further alleges that Best Solution's "time clock system used, collected, or stored a scan of [Underlying Plaintiff's] fingerprint or hand geometry for purposes of time tracking and employee authentication."

22. In doing so, the Underlying Lawsuit alleges that Best Solution's system "used, collected, and stored unique 'biometric identifiers' or 'biometric information,' as both terms are defined [in BIPA], belonging to" Underlying Plaintiff.

23. The Underlying Lawsuit alleges that Best Solution never informed Underlying Plaintiff of the specific limited purposes or length of time for which his biometric information would be stored.

24. Additionally, the Underlying Lawsuit alleges that Best Solution did not inform Underlying Plaintiff of any biometric data retention policy it developed or whether it would ever permanently delete his biometric information.

25. The Underlying Lawsuit alleges that Underlying Plaintiff never signed a written release allowing Best Solution to collect, capture, or otherwise obtain his biometric information.

26. The Underlying Lawsuit explains that the State of Illinois recognized the value and importance of preserving people's biometric data when it passed BIPA.

27. Unlike other forms of personal identification such as social security numbers, biometric information is biologically unique to an individual so, once compromised, there is no recourse.

28. The Underlying Lawsuit argues that, under BIPA, if Best Solution insists on collecting and storing Underlying Plaintiff's fingerprints or hand geometry, it must: (1) notify Underlying Plaintiff that the practice is taking place, (2) inform Underlying Plaintiff of the specific purpose and length of time for which the identifiers or information is being collected, stored, or used, (3) provide Underlying Plaintiff with a written release for the collection of that data, and (4) publish publicly available written retention schedules and guidelines for permanently destroying the data.

29. The Underlying Lawsuit also states that BIPA makes it unlawful for companies to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information."

30. Additionally, per the Underlying Lawsuit, no company may "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information" without disclosure and consent.

**Applicable Policy Provisions In The Kinsale Policy**

31. Kinsale issued a Commercial General Liability insurance policy (Policy No. 0100108007-0) and subsequent renewals, with a policy period of February 20, 2020 to February 20, 2021 (the "Kinsale Policy") to Best Solution. A true and correct copy of the Kinsale Policy is attached hereto and marked as Exhibit "A".

32. The Kinsale Policy contains a General Liability Coverage Part that has a $1 million personal and advertising injury limit and $2 million general aggregate limit.

33. The Policy provides, in pertinent part:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

. . .

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

. . .

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

. . .

**SECTION V - DEFINITIONS**

6

. . .

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

. . .

    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

* * *

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – GENERAL LIABILITY**

. . .

B.    The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

    **2.**    **Exclusions**

    This insurance does not apply to:

    **Access Or Disclosure Of Confidential Or Personal Information**

    "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

    This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

* * *

**EMPLOYMENT PRACTICES EXCLUSION**

This insurance does not apply to liability for employment-related practices, regardless of allegations, nor to any expenses nor to any obligation to share damages with or repay anyone else who must pay damages from same including but not limited to:

1.    Refusal to employ or termination of employment;

2. Discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any form, humiliation or other employment related practices, policies, acts or omissions;
3. Consequential "bodily injury" or "personal and advertising injury" as a result of 1. or 2. above.

**Applicable Policy Provisions In The Coalition Policy**

34. Coalition issued a Cyber Policy (Policy No. C-4LPY-017683-CYBER-2021) and subsequent renewals, with a policy period of January 10, 2022 to January 10, 2023 (the "Coalition Policy") to Best Solution. A true and correct copy of the which is attached hereto and marked as Exhibit "B".

35. The Coalition Policy provided, in relevant part, as follows:

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – What we cover- Our Insuring Agreements.

. . .

**SECTION II – WHAT WE COVER- OUR INSURING AGREEMENTS**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

In consideration of the named insured's payment of the premium .... we agree to provide the following insurance coverage provided that:

    **2.** The incident, privacy liability, or multimedia wrongful act first took place after the retroactive date and before the end of the policy period;

**THIRD PARTY LIABILITY COVERAGES**

    **A.** NETWORK AND INFORMATION SECURITY LIABILITY

8

> We will pay on your behalf claim expenses and damages that you become legally obligated to pay resulting from a claim against you for a security failure, data breach, or privacy liability.
>
> **B.** REGULATORY DEFENSE AND PENALTIES
>
> We will pay on your behalf claim expenses and regulatory penalties that you become legally obligated to pay resulting from a claim against you in the form of a regulatory proceeding for a security failure or data breach.
>
> **C.** MULTIMEDIA CONTENT LIABILITY
>
> We will pay on your behalf claim expenses and damages that you become legally obligated to pay resulting from a claim against you for a multimedia wrongful act.
>
> **D.** PCI FINES AND ASSESSMENTS
>
> We will pay on your behalf PCI fines and assessments that you become legally obligated to pay resulting from a claim against you for a security failure or data breach compromising payment card data.

**SECTION III – EXCLUSIONS- WHAT IS NOT COVERED**

This policy does not apply to and we will not make any payments for any claim expenses, damages, loss, regulatory penalties, PCI fines and assessments, or any other amounts directly or indirectly arising out of, resulting from, based upon, or attributable to:

. . .

> **F**. **EMPLOYMENT PRACTICES & DISCRIMINATION**
>
> Any employer-employee relations, policies, practices, acts, or omissions. However, this exclusion will not apply to a claim by a current or former employee under Section II. A, NETWORK AND INFORMATION SECURITY LIABILITY or to breach response costs under Section II.E. BREACH RESPONSE impacting current or former employees.

* * *

**Tender and Disclaimers**

36. Best Solution tendered the Underlying Action to Kinsale and Coalition demanding a defense and indemnification against the claims asserted against it by the Plaintiff in the Underlying Action.

37. Best Solution's tender of the Underlying Action to Kinsale and Coalition was done on a timely basis.

38. Best Solution performed its obligations under both the Kinsale and Coalition Policies with respect to the Underlying Action in connection with the policies.

39. Best Solution did not breached its obligations under the Policies.

40. Kinsale declined to provide a defense against the claims asserted against Best Solution by the Plaintiff in the Underlying Action.

41. In Kinsale's response to Best Solution's tender of the Underlying Action, Kinsale asserted that there is no coverage available to Best Solution under the Kinsale Policy for the Underlying Action.

42. Kinsale's response to Best Solution's tender of the Underlying Action denied that it will owe an obligation to indemnify Best Solution against the claims asserted against it by the Plaintiff in the Underlying Action under any circumstances.

43. Coalition declined to provide a defense against the claims asserted against Best Solution by the Plaintiff in the Underlying Action.

44. In Coalition's response to Best Solution's tender of the Underlying Action, Coalition asserted that there is no coverage available to Best Solution under the Coalition Policy for the Underlying Action.

45. Coalition's response to Best Solution's tender of the Underlying Action denied that it will owe an obligation to indemnify Best Solution against the claims asserted against it by the Plaintiff in the Underlying Action under any circumstances.

46. Best Solution has undertaken its own defense against the claims asserted against it by Plaintiff in the Underlying Action.

47. Best Solution has incurred defense expenses including attorney's fees arising from its defense against the claims asserted against it in the Underlying Action.

## COUNT I
## DECLARATORY JUDGMENT AGAINST KINSALE

48. Best Solution hereby incorporates by reference the allegations contained in paragraphs 1 to 47 above as if set forth herein at length.

49. Plaintiff, in the Underlying Action, asserts claims of injury for written publication in any manner, including material that violates a person's right of privacy.

50. In the Underlying Action, Plaintiff asserts that the conduct it alleges Best Solution engaged in and on which the claims against Best Solution rests occurred during the period from December 2020 until April 2022.

51. Best Solution contends that the conduct that is alleged against it in the Underlying Action is "personal and advertising injury," as that phrase is defined in the Kinsale Policy

52. Best Solution contends that it is entitled to a defense against the claims asserted against it in the Underlying Action pursuant to the Kinsale Policy.

53. Best Solution contends that it is entitled to indemnification against the claims asserted against it in the Underlying Action pursuant to the Kinsale Policy.

54. Kinsale denies that Best Solution is entitled to a defense against any of the claims asserted against it in the Underlying Action.

55. A justiciable controversy exists between Best Solution and Kinsale in connection with Kinsale's duty to defend Best Solution against the claims asserted against it in the Underlying Action.

**WHEREFORE**, Best Solution seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Kinsale is obligated to defend it against the claims asserted against it in the Underlying Action, that Kinsale is obligated to indemnify Best Solution against the claims asserted against it in the Underlying Action, and for such other relief as this Court deems just.

## COUNT II
## BREACH OF CONTRACT AGAINST KINSALE

56. Best Solution hereby incorporates by reference the allegations contained in paragraphs 1 to 47 above as if set forth herein at length.

57. Plaintiff, in the Underlying Action, asserts claims of injury for written publication in any manner, including material that violates a person's right of privacy.

58. In the Underlying Action, Plaintiff asserts that the conduct it alleges Best Solution engaged in and on which the claims against Best Solution rests occurred during the period from December 2020 until April 2022.

59. Best Solution tendered the defense of the Underlying Action to Kinsale on a timely basis.

60. Best Solution has fully performed its obligations owed to Kinsale under the terms and conditions of the Kinsale Policy in connection with the Underlying Action.

61. On August 8, 2023, Kinsale notified Best Solution that it declined to provide a defense to Best Solution for the Underlying Action. A true and correct copy of the Kinsale disclaimer is attached hereto and marked as Exhibit "C".

62. Kinsale failed to meet its obligations owed to Best Solution under the terms of the Kinsale Policy.

63. Best Solution has sustained actual damages and will continue to incur damages resulting from Kinsale's breach of its obligation to provide a defense on behalf of it in the Underlying Action.

64. Best Solution has been required to engage defense counsel and incur defense expenses including attorney's fees and costs in the defense against the claims asserted in the Underlying Action because of Kinsale's refusal to defend it in the Underlying Action.

**WHEREFORE**, Best Solution requests that judgment be entered in its favor and against Kinsale and that it be awarded as damages the defense expenses, including but not limited to the attorney's fees and costs that it has incurred in defense against the Underlying Action, and for such other relief as this Court deems just.

## COUNT III
## DECLARATORY JUDGMENT AGAINST COALITION

65. Best Solution hereby incorporates by reference the allegations contained in paragraphs 1 to 47 above as if set forth herein at length.

66. Plaintiff, in the Underlying Action, asserts claims of injury for written publication in any manner, including material that violates a person's right of privacy.

67. In the Underlying Action, Plaintiff asserts that the conduct it alleges Best Solution engaged in and on which the claims against Best Solution rests occurred during the period from December 2020 until April 2022.

68. Best Solution contends that the conduct that is alleged against it in the Underlying Action constitutes privacy liability and/or multimedia wrongful act as that phrase is defined in the Coalition Policy.

69. Best Solution contends that it is entitled to a defense against the claims asserted against it in the Underlying Action pursuant to the Coalition Policy.

70. Best Solution contends that it is entitled to indemnification against the claims asserted against it in the Underlying Action pursuant to the Coalition Policy.

71. Coalition denies that Best Solution is entitled to a defense against any of the claims asserted against it in the Underlying Action.

72. A justiciable controversy exists between Best Solution and Coalition in connection with Coalition's duty to defend Best Solution against the claims asserted against it in the Underlying Action.

**WHEREFORE**, Best Solution seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Coalition is obligated to defend it against the claims asserted against it in the Underlying Action, that Coalition is obligated to indemnify Best Solution against the claims asserted against it in the Underlying Action, and for such other relief as this Court deems just.

## COUNT IV
## BREACH OF CONTRACT AGAINST COALITION

71. Best Solution hereby incorporates by reference the allegations contained in paragraphs 1 to 47 above as if set forth herein at length.

72. Plaintiff, in the Underlying Action, asserts claims of injury for written publication in any manner, including material that violates a person's right of privacy.

73. In the Underlying Action, Plaintiff asserts that the conduct it alleges Best Solution engaged in and on which the claims against Best Solution rests occurred during the period from December 2020 until April 2022.

74. Best Solution tendered the defense of the Underlying Action to Coalition on a timely basis.

75. Best Solution has fully performed its obligations owed to Coalition under the terms and conditions of the Coalition Policy in connection with the Underlying Action.

76. On August 17, 2023, Coalition notified Best Solution that it declined to provide a defense to Best Solution for the Underlying Action. A true and correct copy of the Coalition disclaimer is attached hereto and marked as Exhibit "D".

77. Coalition failed to meet its obligations owed to Best Solution under the terms of the Coalition Policy.

78. Best Solution has sustained actual damages and will continue to incur damages resulting from Coalition's breach of its obligation to provide a defense on behalf of it in the Underlying Action.

79. Best Solution has been required to engage defense counsel and incur defense expenses including attorney's fees and costs in the defense against the claims asserted in the Underlying Action because of Coalition's refusal to defend it in the Underlying Action.

**WHEREFORE**, Best Solution requests that judgment be entered in its favor and against Coalition and that it be awarded as damages the defense expenses, including but not limited to the attorney's fees and costs that it has incurred in defense against the Underlying Action, and for such other relief as this Court deems just.

## JURY TRIAL DEMAND

**PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE IN THE ABOVE-CAPTIONED ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38(B).**

        Respectfully submitted,

        Plaintiff, BEST SOLUTION
        EXPRESS INC.

        By: /s/ *Adam C. Konopka*
            Adam C. Konopka

Adam C. Konopka (ARDC No. 6313268)
Matthew E. Luecke (ARDC No. 6201281)
Carly J. Ross (ARDC No. 6342635)
CHARTWELL LAW
225 W. Washington Street, Suite 1550
Chicago, IL 60606
Telephone: (312) 910-8680
Primary E-service: eserviceChicago@chartwelllaw.com
Secondary E-service: akonopka@chartwelllaw.com
Secondary E-service: mluecke@chartwelllaw.com
Secondary E-service: cross@chartwelllaw.com

**CERTIFICATE OF FILING AND PROOF OF SERVICE**

   Under penalty of perjury as provided by law pursuant to 28 U.S.C.§1746 of the Judiciary and Judicial Procedure, the undersigned non-attorney hereby certifies that the foregoing document was electronically filed with the United States District Court for the Northern District of Illinois by using the Pacer CM/ECF System and was served upon the addressee(s) set forth below as required by Fed.R.Civ.P. 5(a) in a manner authorized by Fed.R.Civ.P. 5(b) and (c) on March 28, 2025.

                 /s/ *Kristina N. McClendon*
                 kmcclendon@chartwelllaw.com